PER CURIAM: Deandre Russell, proceeding pro se, appeals the district court’s order affirming the bankruptcy court’s dismissal of his adversary proceeding. On appeal, Russell argues that the bankruptcy court erred by dismissing his adversary proceeding instead of sua sponte transferring it to a district court. We review legal conclusions by both the bankruptcy court and the district court de novo. In re Morris, 950 F.2d 1531 (11th Cir. 1992). While the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement, the decision whether to retain jurisdiction over the adversary proceeding is left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending. Id. at 1534. We have considered three factors in determining whether jurisdiction over the proceeding should be retained: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved. Id. at 1535. Here, the district court did not err by affirming the bankruptcy court’s dismissal of Russell’s adversary proceeding. The bankruptcy court correctly applied the Morris factors, noting that the underlying bankruptcy had been dismissed, that discovery had not yet occurred on Russell’s claims, that the defendants had not consented to adjudication by the bankruptcy court, and that Russell was seeking a jury trial for his claims. AFFIRMED.[1] . Russell’s motion for an appeals conference and motion to file an untimely motion for reconsideration of our order denying a stay are DENIED.